# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Fabien M. Kitoy, | Case No. 20-cv-1903 (ECT/DTS) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Immigration and Customs Enforcement, et al., | |
| Respondents. | |

Petitioner Fabien Kitoy is a citizen of the Democratic Republic of Congo. Pet. ¶ 2, Sept. 4, 2020, Dkt. No. 1; Resp. 2, Oct. 30, 2020, Dkt. No. 5. He arrived in the United States in 1994, though the United States alleges he did so fraudulently, leading to his detention and impending deportation. Pet. ¶ 2; Resp. 2. Immigration and Customs Enforcement (ICE) arrested and detained Kitoy in January 2020. Pet. ¶ 1. In May 2020 an immigration judge (IJ) ordered him deported.[1] Pet. ¶ 5.

Kitoy filed this petition for a writ of habeas corpus in September 2020 while detained in ICE custody. Pet. ¶ 1. He challenges the constitutionality of his pre-final order detention period and seeks "release[] from ICE/DHS custody with immediate effect." Pet. ¶ 1. In early October, after Kitoy submitted this petition but before the government responded, ICE released Kitoy on bond. Resp. 1; *see generally* Decl. of Liles H. Repp, Ex. 1 (Bond Redetermination), Oct. 30, 2020, Dkt. No. 6-1. Then, in late October the BIA affirmed the IJ, making Kitoy now subject to a final order of removal. Resp. 1; *see* Repp

---

[1] That said, his appeal remained pending before the Board of Immigration Appeals (BIA). Thus, Kitoy was not yet subject to a final order of removal.

Decl., Ex. 3 (BIA Decision), Oct. 30, 2020, Dkt. No. 6-3. As Kitoy's release on bond means he is no longer in custody, he has already received the relief he requests. As a result, his petition is moot.

Article III requires that an actual controversy exist at all stages of litigation. *United States Parole Commn. V. Geraghty*, 445 U.S. 388, 397 (1980) ("[M]ootness [i]s the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." (internal quotation marks omitted)). When events after the filing of the case resolve the dispute, the case becomes moot and nonjusticiable. *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir. 2000) ("When, during the course of litigation, the issues presented in a case lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief, the case is considered moot." (internal quotation marks omitted)). Indeed, the injury Kitoy complains of (detention) no longer exists and he has already obtained the relief he requests of this Court (release). That means a decision from this Court will have no effect. *Kargbo v. Brott*, 15-cv-2713 (PJS/LIB), 2016 WL 3676162, at *2 (D. Minn. July 6, 2016) ("[I]f the Court adopted the R&R and gave [the petitioner] every bit of the relief that he seeks in his supplemental habeas petition, [the petitioner] would find himself in *precisely* the situation in which he already finds himself. Absolutely nothing would change. This is the very definition of mootness." (emphasis in original)). Kitoy's release thus renders his petition moot.

The government notes that the BIA affirmed the IJ's removal order, making Kitoy subject to a final order of removal. Were Kitoy still in custody—or were ICE to detain him again—this too would moot his petition. During removal proceedings the government may

detain an alien only for the "brief period necessary" to conduct those proceedings. *Demore v. Kim*, 538 U.S. 510, 513 (2003). But once an alien is subject to a final order of removal, the government's justification for detention is not to conduct removal proceedings but instead to implement the removal. *Zadvydas v. Davis*, 533 U.S. 678 (2001). In other words, once there is a final removal order, the government's clock "restarts" and the time required to coordinate that individual's removal justifies further detention.

## RECOMMENDATION

For these reasons, IT IS HEREBY RECOMMENDED:

1. Petitioner Fabien Kitoy's petition for a writ of habeas corpus (Docket No. 1) be **DENIED AS MOOT**;

2. This action be dismissed without prejudice;

3. Judgment be entered accordingly.


Dated: November 4, 2020            s/David T. Schultz_____
                                   DAVID T. SCHULTZ
                                   United States Magistrate Judge


## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to the magistrate judge's proposed findings and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).